Barnard, P. J.
The defendant was the assignee in bankruptcy of the firm of Th. H. Vetterlein & Sons and also of the firm of Vetterlein & Co. There had been a firm known as the H. & B. Vetterlein & Co., which had been dissolved in 1865.
The bankrupt firm succeeded the firm thus dissolved. The defendant was also the assignee in bankruptcy of Theodore H. Vetterlein individually who was a partner in all the firms. The original firm contained Bernard Vetterlein, who was not a member of the succeeding firms though those firms contained one of the same name who was the nephew of Bernard Vetterlein. When the first firm dissolved in 1865 there was a claim held by the firm against Sanders & 'Co., of Philadelphia, for a portion of the sales moneys of the steamer Cambria. The firm organized upon the cessa *696 sation of the old firm opened an account with the old firm. The books of the new firm show a debt against Sanders & Co. on account of the Cambria. The books of the bankrupt firm fail to show with any distinctness the interest in the old firm, but do show the claim against Sanders & Co., to be an asset of the bankrupt firm. The defendant collected this sum in ignorance of the trust existing as to one-eighth of the proceeds in favor of the plaintiff’s firm and paid it over under the decree of the bankrupt court as part of the assets of the new firm which he represented.
The bankrupt firm could have recovered it, and if it could, the defendant could as representing it. It would then be his duty to return it as assets of the estate if he was ignorant of the trust.
Neither the books of the bankrupt firm or other evidence show facts from which knowledge could be imputed to the assignee of the trust between the firms.
The liability is no greater of different in respect to the Morse property. That was held by Theodore H. Vetterlein subject to an accounting between the old firm and the succeeding bankrupt firm.
There was no notice of this liability to account for the interest of the old firm in the proceeds. The defendant representing Theodore collected the money and returned it as assets of his estate.
The defendant cannot be called upon to answer as an individual for the moneys in question received in ignorance of the facts. He received it in a representative capacity and never had any title to it as an individual.
The judgment of the special term should therefore he affirmed, with costs.
Dykman, J., concurs; Pratt, J., dissents.